UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NAYDU BARBOSA-ASCENSIO,               )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          No. 1:25-cv-01053-SEB-MJD
                                      )
VIRK FREIGHTWAY INC, et al.,          )
                                      )
            Defendants.               )

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses. [Dkt. 39.]  For the reasons set forth below, the motion is **GRANTED**.

Plaintiff served Interrogatories, Requests for Admissions, and Requests for Production on Defendants Virk Freightway Inc. and Surinder Singh nearly eight months ago, on August 13, 2025.  The responses were due September 12, 2025; none were served.  Upon inquiry from Plaintiff's counsel, responses to the requests for admission were served, but the other discovery requests remained unanswered.  In subsequent discussions with defense counsel, Plaintiff agreed to two extensions of the deadline for the remaining requests, the second being to December 31, 2025.  No responses were served.

At a March 16, 2026, status conference, defense counsel explained that the responses had not been served because counsel had had difficulty communicating with their clients, but that communication had been restored as of the date of the status conference.  The Court authorized Plaintiff to file a motion to compel Defendants' overdue discovery responses on March 23, 2026, if Plaintiff had not received the responses by that date. As of the date of the filing of the instant

motion, March 30, 2026, Defendant Surinder Singh had provided a partial response to Plaintiff's document request.  No other responses had been served.  Defendants report that Defendant Virk Freightway Inc. partially responded to Plaintiff's document requests the following day.

In their response to the instant motion, Defendants ask for an additional thirty days to respond to the outstanding discovery requests and state:  "Defendants remain committed to complying with their discovery obligations under the Federal Rules of Civil Procedure and will continue to work diligently to address the Plaintiff's requests as expeditiously as possible without undue delay."  [Dkt. 44 at 3.]  Frankly, this statement is risible.  Defendants have quite obviously not been committed to complying with their discovery obligations in this case; they were so uncommitted to participating in this litigation that their own counsel had to hire a private investigator to track them down.  *See id.* at 2.  The window for responding to Plaintiff's discovery requests "without undue delay" closed many months ago.  And requesting **an additional thirty days** to respond to discovery requests that should have been responded to many months ago is quite the opposite of working diligently and responding as expeditiously as possible.

Defendants also argue in their response brief:  "Defendants submit that any perceived prejudice to Plaintiff by Defendants' failure to provide full and complete discovery responses at this juncture is minimal at best, particularly since the agreed-upon written discovery deadline is not set to expire until September 30, 2026."  *Id.* at 3.  The discovery deadline in this case is actually September 11, 2026.  While the parties **proposed** a discovery deadline of September 30, 2026, the Case Management Plan entered by the Court established a discovery deadline of September 11, 2026.  *See* [Dkt. 21].  The prejudice to Plaintiff is the loss of several months of time to conduct follow-up discovery after receiving Defendants' discovery responses, thereby compressing the discovery schedule.

Defendants have obviously failed to comply with their discovery obligations. Accordingly, Plaintiff's motion to compel is **GRANTED**. The Court finds that Defendants have waived any objections to Plaintiff's discovery requests, except those based on privilege, by failing to respond to the requests in a timely manner. Defendants shall respond completely and unequivocally to Plaintiff's document requests and interrogatories **within fourteen days of the date of this Order**. The failure to fully comply with this Order will subject Defendants to sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which may include the entry of default judgment against them. Plaintiff may file a motion for attorney fees pursuant to Rule 37(a)(5) **within fourteen days of the date of this Order**.

SO ORDERED.

Dated: 3 APR 2026

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.